IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFREY KURT PEARCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02199-STA-cgc |
| ) | |
| KENNY CHRISTOPHER, individually ) | |
| and in his official capacity as the SHERIFF ) | |
| OF BENTON COUNTY, and COUNTY OF ) | |
| BENTON, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

Before the Court is Defendants' Partial Motion to Dismiss, which was filed on May 23, 2019. (ECF No. 23.) Plaintiff responded on July 8, 2019. (ECF No. 31.) For the reasons that follow, Defendants' Motion is **GRANTED**. Plaintiff's official-capacity claim against Defendant Christopher, punitive damages demand of Benton County, claims arising out of the Tennessee Constitution, 42 U.S.C. § 1983 conspiracy claim, and Tennessee Governmental Tort Liability claim are hereby **DISMISSED**.

BACKGROUND

On February 26, 2018, Plaintiff was arrested and housed in the Benton County Jail. (ECF No. 6 at 3.) Plaintiff asserts that, on April 12, 2018, Circuit Court Judge C. Creed McGinley executed an Agreed Order to Reinstate Bond, which authorized Plaintiff's immediate release from custody. (*Id.*) Notwithstanding the Agreed Order, Plaintiff was not released from the Benton County Jail until April 19, 2018—seven days late.

1

His delayed release is the basis of Plaintiff's claims. Plaintiff filed suit in this Court pursuant to 42 U.S.C. § 1983, for Defendants' alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights. Plaintiff also suggests that Defendants violated Tennessee's state law and Constitution.

In their Partial Motion to Dismiss, Defendants assert the following: (1) official capacity claims against Defendant Christopher must be dismissed; (2) punitive damages are not recoverable against Defendant Benton County; (3) claims arising out of alleged Tennessee constitutional violations must be dismissed; (4) Plaintiff failed to state a colorable § 1983 conspiracy claim; and (5) Defendants retain immunity as to the state law claims.

In his Response, Plaintiff accepts dismissal as to all but one of Defendants' assertions: Plaintiff maintains that his official capacity claim against Defendant Christopher should survive. (ECF No. 31.) That is the sole issue before the Court.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

ANALYSIS

Plaintiff filed suit against Defendant Christopher, in both his official and individual capacities, *and* Defendant Benton County for violating Plaintiff's civil rights. Defendants argue that Defendant Christopher should only be subject to this claim in his individual capacity, as suing him in his official capacity is the same as suing the County. Because the County is being sued for the same, Defendants contend that an official-capacity claim is redundant.

In opposition, Plaintiff argues that Defendant Christopher, as Benton County Sheriff, breached his official duty to release Plaintiff from custody. (ECF No. 31.) This, according to Plaintiff, should preclude the official-capacity claim's dismissal.

Plaintiff's argument is misguided and largely irrelevant to the cause for dismissal. "[O]fficial-capacity suits generally represent *only another way* of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (emphasis added). "Official-capacity suits are, for all intents and purposes, treated as suits against the municipality . . . ." *Shorts v. Bartholomew*, 255 F. App'x 46, 49 n.4 (6th Cir. 2007) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014). Thus, where the entity is named as a defendant, as it is here, an official-capacity claim is redundant. *Foster*, 573 F. App'x. at 390 (citing *Faith Baptist Church v. Waterford Twp.,* 522 F. App'x. 322, 327 (6th Cir.2013) ("Having sued . . . the entity for which [plaintiff] was an agent, the suit against [plaintiff] in his official capacity was superfluous.")); *cf. Shorts*, 255 F. App'x at 57-60 (6th Cir. 2007)

(allowing the plaintiff to proceed with his official-capacity claim—which the Court acknowledged was actually against the County—because the plaintiff, in his "inartful pleadings" (*Id.* at 51), did not assert the same claim against the County as he did against the official).

Here, Plaintiff claims that both Defendant Christopher and Benton County violated his constitutional rights by keeping Plaintiff incarcerated seven days too long. Because to maintain such a claim against both the Sheriff in his official capacity and Benton County would be redundant, Plaintiff's official-capacity claim against Defendant Christopher is **DISMISSED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 26, 2019.